UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND


| | |
|---|---|
| ARTHUR D'AMARIO, III | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil No. 1:08-cv-490-DBH |
| | ) |
| KENNETH D. COLLINS, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION
<u>DENYING</u> <u>IN</u> <u>FORMA</u> <u>PAUPERIS</u> APPLICATION
and
RECOMMENDING DISMISSAL OF THE CASE**

Arthur D'Amario, an inmate at a federal prison facility, filed a civil rights complaint against Kenneth D. Collins, George Bussiere, Arthur Brillon, Roland G. Sabourin, the City of Attleboro, Alan T. Robillard, and the Town of Smithfield. The complaint was filed on or about December 10, 2008, and the conduct complained of occurred in 1998-1999. According to D'Amario, Collins, Bussiere, Brillon, and Sabourin were police officers with the Attleboro Police Department who conspired amongst themselves and with others to deprive D'Amario of various constitutional rights in connection with court proceedings in both the Commonwealth of Massachusetts and the United States District Court in the District of Rhode Island. Robillard was a professional document examiner employed by the law enforcement defendants who allegedly falsely testified against D'Amario at a hearing on October 21, 1999. The Town of Smithfield is faulted for its unconstitutional official town policy of acting upon warrants of foreign jurisdictions without proper inquiry into the probable cause for those warrants, resulting in an allegedly unconstitutional search of D'Amario's Smithfield, Rhode Island residence on

Case 1:08-cv-00490-DBH-MJK   Document 17   Filed 07/22/09   Page 2 of 4   PageID #: 31

February 8, 1999.

> Section 1915(g) of title 28 of the United States Code provides:
>
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  D'Amario has three strikes.  See In re D'Amario, Civ. No. 1:07-CV-00324, 2008 WL 2471822, * 1 (D.N.H. June 13, 2008) (Woodcock, J.) (providing a full discussion of D'Amario's litigation history and concluding that D'Amario has three strikes under 28 U.S.C. § 1915(g)).  Thus his application to proceed in forma pauperis must be denied and D'Amario must pay the filing fee if he wishes to proceed.

Accompanying D'Amario's application to proceed in forma pauperis, is an affidavit that presumably purports to relieve him of the filing fee obligation by reciting that these defendants "pose a serious threat to my physical safety."  (Decl. Supporting Pl.'s IFP Application ¶ 1, Doc. No. 2-3.)  According to D'Amario, he has appellate cases pending in the Third Circuit "that are likely to yield [his] sudden release sometime in 2009" and "these defendants are laying in wait for" him.  (Id., ¶ 5).  The declaration alleges, in the most conclusory fashion, that these defendants are involved in a wide ranging conspiracy involving United States Marshals and a District Judge from the Eastern District of Pennsylvania, all of whom are acting to cause D'Amario physical and mental harm.

In order for there to be an "imminent danger" the threat must be "real and proximate." Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003)(quoting Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002)); see also Gibbs v. Cross, 160 F.3d 962, 967 (3d Cir. 1998) (observing that

nothing prevents "a district court from discrediting factual claims of imminent danger that are 'clearly baseless,' i.e., allegations that are fantastic or delusional and rise to the level of the 'irrational or wholly incredible') (quoting Denton v. Hernandez, 504 U.S. 25, 33 (1992)). Allegations of past harm do not suffice. See Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003). The First Circuit does not seem to have visited this issue in any reported or unreported cases, but my conclusion is that "imminent danger" means just that and the Seventh Circuit applies the appropriate test. D'Amario is well wide of the mark.

D'Amario may pay the $350.00 filing fee should he choose to do so. If he were to do so the complaint might still be subject to dismissal for a host of reasons, including, but not limited to statute of limitations. D'Amario has been warned about frivolous filings in the past, but I am making no recommendation on that score at this juncture. See also D'Amario v. United States, 251 F.R.D. 63, 64 (D. Me. 2008) (Hornby, J.) ("[I]n light of the continuing frivolous filings, I place Arthur D'Amario, III on **notice** that filing restrictions 'may be in the offing.' Cok v. Family Court of Rhode Island, 985 F.2d 32, 35 (1st Cir.1993). This represents the 'cautionary order' of which Cok speaks. Groundless and inappropriate filings will not be tolerated.").

Based upon the foregoing, I recommend the court deny D'Amario's in forma pauperis application. I would allow D'Amario until August 7, 2009, to pay the filing fee in its entirety, failing which I recommend the court dismiss the case.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served

    with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

    Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

| | |
|---|---|
| July 22, 2009 | /s/ Margaret J. Kravchuk |
| | U.S. Magistrate Judge |